# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

June 18, 2009

Timothy R. Hott
Timothy R. Hott, P.C.
591 Summit Avenue
Suite 300
Jersey City, New Jersey  07306
    (*Attorney for Plaintiffs*)

John A. Craner
Craner, Stakin & Scheer, P.C.
320 Park Avenue
P.O. Box 367
Scotch Plains, New Jersey  07076
    (*Attorney for Defendant*)

    **RE:**    **Sheet Metal Workers Local Union No. 22, et al. v. Roselle Sheet Metal Co.**
           **Civ. No. 08-1618 (WJM)**

Dear Counsel:

    This matter comes before the Court on the motion for summary judgment filed by Plaintiffs Sheet Metal Workers Local Union No. 22 ("the Union") and Sheet Metal Workers Local 22 Welfare, Pension, Annuity, Education, Vacation and Unemployment

Funds and Board of Trustees ("the Funds"). Plaintiffs' motion is unopposed.[1] There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, Plaintiffs' motion is **GRANTED**.

## I. BACKGROUND[2]

On June 1, 2003, the Union and Defendant Roselle Sheet Metal Co. ("Roselle") signed a Collective Bargaining Agreement, which established rates of pay and conditions of employment for those Union members working for Roselle. *See* Pls.' Statement of Material Facts Not in Dispute ("SMF") Ex. 1. Under the Collective Bargaining Agreement, Defendant Roselle was required to make monetary contributions to the Funds each month based on the number of hours worked by Union employees. *See* SMF ¶ 8; *see also* SMF Ex. 1. In addition, Defendant Roselle was required to withhold a certain amount from the wages of Union employees and then remit that amount to the Union's Vacation Fund. *See* SMF ¶ 9. Plaintiffs contend that Roselle failed to do both.

Specifically, Plaintiffs allege that Defendant Roselle failed to make $192,557.91 in payments to the Funds between June 1, 2004 through December 31, 2006. *See* SMF ¶¶ 10, 11. During the same period, Plaintiffs state that Roselle deducted $5,801.06 from the wages of its Union employees but failed to remit the same to the Union and the Vacation Fund. *See* SMF ¶ 13.

## II. DISCUSSION

Plaintiffs bring this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), seeking payment of those delinquent contributions owed to the Funds under the Collective Bargaining Agreement. *See* 29 U.S.C. § 1145. In addition, Plaintiffs seek prejudgment interest, attorneys' fees and costs. *See* 29 U.S.C. § 1132(g)(2). Following the close of discovery, Plaintiffs filed the instant motion for summary judgment.

Summary judgment is appropriate when "the pleadings, depositions, answers to

---

[1] While Defendant Roselle Sheet Metal Co. answered Plaintiffs' complaint and participated in pretrial conferences, Defendant Roselle failed to oppose the instant motion.

[2] If the non-moving party fails to oppose the motion for summary judgment by written objection, memorandum, affidavits and other evidence, the Court "will accept as true all material facts set forth by the moving party with appropriate record support." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir.1990).

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). If the non-movant fails to oppose the motion, Rule 56(e) provides that the Court may grant summary judgment only "if appropriate." Fed. R. Civ. P. 56(e). Where the moving party has the burden of proof on the relevant issues, summary judgment is appropriate where the moving party is entitled to judgment as a matter of law. *See, e.g. Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990).

Here, there are no genuine issues of material fact. Plaintiffs have established that Defendant Roselle was required to make the payments at issue. Defendant Roselle stipulated to this during the deposition of one of its principals, Jason Plungis. *See* SMF Ex. 3.[3] In addition, Plaintiffs submitted copies of the monthly invoices sent to Roselle demonstrating the amount owed. *See* SMF Ex. 2. These business records, coupled with the deposition of Jason Plungis, demonstrate that Defendant Roselle both was obligated to make $192,557.91 in payments to the Funds from June 1, 2004 through December 31, 2006 and failed to do so. Further, Plaintiffs have demonstrated that Defendant Roselle failed to remit to the Vacation Fund approximately $5,801.66 in payments, which were withheld from Union employees' paychecks. *See* SMF Ex. 4. As such, Defendant Roselle owes $198,358.97 in back payments to Plaintiffs under the Collective Bargaining Agreement.

Since Plaintiffs have prevailed on their Section 1145 claim, their request for prejudgment interest, attorneys' fees, and costs is also granted. *See* 29 U.S.C. § 1132(g)(2) ("In any action ... to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan – (A) the unpaid contributions, (B) interest on the unpaid contributions, ... (D) reasonable attorney's fees and costs of the action, to be paid by the defendant ...).

---

[3] During the Plungis deposition, Defendant Roselle's attorney entered the following stipulation:
> Roselle Sheet Metal is willing to stipulate that pursuant to its collective bargaining agreement with Local 22, it was obligated to pay benefits pursuant to the collective bargaining agreement for each hour that each journeyman sheet metal worker and/or apprentice worked for them ... so that the debt that we are talking about, this hundred and ninety-two thousand dollars is a debt that exists pursuant to the collective bargaining agreement. ... The reason the money was not made is because the company was unable to collect the contractual amounts that it was owed from the various companies that it did business with for a variety of reasons.

*See* Plungis Deposition, SMF Ex. 3 at 16:24-17:13.

Prejudgment interest is calculated in accordance with 26 U.S.C. § 6621 and shall be applied to the balance that Defendant Roselle owes under the Collective Bargaining Agreement. Plaintiffs certify that the total interest due on the principal balance owed totals $74,562.33 through today's date. *See* Certification of Robert Janelli ¶¶ 4, 5.

In addition, Plaintiffs have submitted a detailed billing sheet for attorney services, listing $4,375.00 in fees and $808.45 in costs. Since these amounts appear reasonable to the Court, Plaintiffs' request for attorneys' fees and costs is granted.

## IV.   CONCLUSION

In conclusion, Plaintiffs' motion for summary judgment is granted. An Order accompanies this Letter Opinion.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**